IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL SCAGGS, | § | |
| | § | |
| Defendant Below, | § | No. 390, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1907004508 (N) |
| | § | |
| Appellee. | § | |

Submitted: May 15, 2023
Decided: May 30, 2023

Before **SEITZ,** Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)    A grand jury indicted the appellant, Michael Scaggs, on three counts of first-degree rape, eight counts of second-degree rape, continuous sexual abuse of a child, sexual solicitation of a child, and other offenses. The charges arose from Scaggs's sexual abuse of a young household member over a period of approximately eight years, until the child disclosed the abuse when she was about fourteen years old. On October 4, 2021, Scaggs pleaded guilty to first-degree rape, continuous sexual abuse of a child, and sexual solicitation of a child. In exchange for the guilty

plea, the State dismissed the other charges, agreed not to seek enhanced sentencing under 11 *Del. C.* § 4205A,[1] and agreed to cap its sentencing recommendation at twenty-five years. On March 25, 2022, the Superior Court sentenced Scaggs to life in prison for first-degree rape and to twenty-five years of imprisonment, suspended after ten years for decreasing levels of supervision, for each of the other two offenses to which Scaggs pleaded guilty.

(2) Scaggs did not file a direct appeal, but defense counsel filed, on his behalf, a timely motion for modification of sentence under Superior Court Criminal Rule 35. The motion asked the court to reconsider the mitigation factors that the defense had presented and to reconsider and give great weight to the fact that the defendant had entered into a plea agreement in which the State agreed to recommend no more than twenty-five years of imprisonment. On April 27, 2022, the Superior Court denied the motion, stating that the court had reconsidered all the factors presented and again determined that the sentence was appropriate. On September 12, 2022, Scaggs filed a pro se motion for postconviction relief in which he asserted that his "court appointed attorney failed to file an appeal" and, more specifically, that he "waited 4 months for word of an appeal to find out my counsel never filed an appeal on my behalf after the rule 35 was denied as we discussed." He further

---

[1] *See* 11 *Del. C.* § 4205A (providing for enhanced sentencing for certain sexual offenses against young children, upon application by the State).

2

asserted that he had written to his counsel on August 8, 2022, and "[i]t is now 9-8-22 and there has been no reply." The Superior Court resolved the motion for postconviction relief in a letter order dated September 27, 2022, in which the court determined that the relief that Scaggs sought was the opportunity to appeal the denial of the motion for sentence modification. The court concluded that vacating and reissuing the order denying the motion for sentence modification would provide the requested relief. The court therefore entered orders vacating and reissuing its April 27, 2022 order denying the motion for sentence modification. Appellate counsel from the Office of Defense Services then filed this appeal from the denial of the motion for sentence modification on Scaggs's behalf.

(3) On appeal, counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In her statement filed under Rule 26(c), counsel indicates that she informed Scaggs of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Scaggs of his right to submit points he wanted this Court to consider on appeal. Scaggs has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4)    When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2]  This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(5)    The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Scaggs could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[2] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson*, 488 U.S. at 82.